Samuel B. BLANKSTEN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 63 C 635.

United States District Court
N. D. Illinois, E. D.

June 17, 1964.

---

George E. Sweeney, Chicago, Ill., Ross, Kralovec, Sweeney & Marquand, Chicago, Ill., of counsel, for plaintiff.

Bardyl Rifat Tirana, Atty., Dept. of Justice, Washington, D. C., for defendant.

WILL, District Judge.

This action arises out of a collision of the plaintiff's yacht with a seawall approximately one and one-half miles south of Navy Pier, off the Chicago shoreline. The United States moves for summary judgment, supporting its motion with references to the plaintiff's deposition and an uncontroverted affidavit filed by an attorney of the United States Department of Justice.

From this affidavit the Court finds that the seawall with which plaintiff's yacht collided was constructed by the Chicago Park District over forty years ago, that no agency of the United States ever constructed, owned, maintained, operated or had any other interest in the seawall, and that the bed of Lake Michigan upon which the seawall was constructed is owned by the State of Illinois.

The United States urges that this suit must be dismissed because, as a matter of law, the United States is under no duty to mark, in a navigable body of water which it does not own, obstacles which it has not created, which it does not own or maintain, and in which it has no interest.

In Thornton v. United States, Admiralty No. 2666(s) (c), S.D.Miss., 1964, 236 F.Supp. 651, the libelants sued the United States when their craft struck a submerged piling and sank. The piling with which their vessel collided had been the support for a boat house at the end of a pier extending from a lighthouse originally constructed and for a period of time maintained by the United States. The tract of land on which the lighthouse and pier were located was sold by the United States in 1951, after which date the respondent did not control the offending piling nor did it erect any warning at the site of the piling. Judge Cox concluded that the United States had no duty to mark the piling after the sale. The instant case is even clearer than Thornton, supra. Here, the defendant never exercised any control over the offending seawall. The plaintiff will not be heard to urge that the United States had a duty to mark, or is responsible for a collision with, a seawall over which it had no authority merely because such seawall is erected in a navigable waterway. This is the bare contention of plaintiff; it is insufficient in law.

The motion for summary judgment will be granted and the case dismissed. An order consistent with the foregoing will be entered.